IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF TENNESSEE
NASHVILLE DIVISION

| | |
|---|---|
| ORCHARD PARK, | ) |
| | ) |
| Plaintiff, | ) |
| | ) |
| v. | ) No. 3:18-cv-01359 |
| | ) Judge Aleta A. Trauger |
| SHANNON THOMPSON, | ) |
| | ) |
| Defendants. | ) |

## ORDER

Defendant Shannon Thompson has filed a *pro se* Notice of Removal and Federal Stay of Eviction in this court. (Doc. No. 1.) Now pending is the plaintiff's amended Application to Proceed in District Court Without Prepaying Fees or Costs. (Doc. No. 4.) For good cause shown, the Application is **GRANTED** and the Clerk is **DIRECTED** to waive the removal fee in this case.

Despite waiver of the fee, the court must conduct a *sua sponte* review to determine whether the court has jurisdiction over this matter. *See* Fed. R. Civ. P. 12(h)(3); *Answers in Genesis, Inc. v. Creation Ministries Int'l, Ltd.*, 556 F.3d 459, 465 (6th Cir.2009)("[F]ederal courts have a duty to consider their subject matter jurisdiction in regard to every case and may raise the issue sua sponte.").

The Notice of Removal and Federal Stay of Eviction, construed as a petition for removal of a state court action to this federal court, reflects that the defendant was named in a detainer action for repossession of leased premises, initiated in the General Sessions Court for Davidson County, Tennessee. The state court lawsuit, Case Number 18GT9796, was filed on November 27, 2018. A hearing on the action was set for December 11, 2018. (Doc. No. 1, at 3.) Thompson filed

her removal petition in this court on December 10, 2018.

The removal statute, 28 U.S.C. § 1441, provides in relevant part: "[A]ny civil action brought in a State court of which the district courts of the United States have original jurisdiction, may be removed by the defendant or the defendants, to the district court of the United States for the district and division embracing the place where such action is pending." 28 U.S.C. § 1441(a). In other words, "[o]nly state-court actions that originally could have been filed in federal court may be removed to federal court by the defendant." *Caterpillar Inc. v. Williams*, 482 U.S. 386, 392 (1987). The defendant has the burden of showing that removal is proper and that this court has original jurisdiction. *See Village of Oakwood v. State Bank and Trust Co.*, 539 F.3d 373, 377 (6th Cir. 2008). Where jurisdiction is in doubt, the matter should be remanded to state court. *See Brierly v. Alusuisse Flexible Packaging, Inc.*, 184 F.3d 527, 534 (6th Cir. 1999).

There is absolutely no basis for federal jurisdiction in this case. The state court complaint attached to the notice of removal does not show that this case arises under the Constitution or laws of the United States, as would provide jurisdiction under 28 U.S.C. § 1331. Instead, it relies exclusively on a state-law remedy without implicating any federal laws. Under the "well pleaded complaint" rule, a plaintiff is master of his claim and may avoid federal removal jurisdiction by exclusive reliance on state law, as the plaintiff has done in this case. The assertion of any federal defenses by the defendant to the state court detainer action is insufficient to support removal jurisdiction, particularly given that the defendant may raise these federal defenses in the state court action. *See Caterpillar Inc. v. Williams*, 482 U.S. at 393; *Federal Nat. Mortg. Ass'n v. LeCrone*, 868 F.2d 190, 194 (6th Cir. 1989) (foreclosure of mortgage under state law raises no federal issue, plaintiff's "reliance upon federal regulations in his defense notwithstanding"). A multitude of cases from this circuit universally hold that removal of a foreclosure or detainer action from state court

to federal court is improper and "devoid of even fair support." *See, e.g.*, *Chase Manhattan Mortg. Corp. v. Smith*, 507 F.3d 910, 913 (6th Cir. 2007); *accord Bank of Am., N.A. v. Smith*, No. 1:16-CV-1156, 2016 WL 8793236, at *1–2 (S.D. Ohio Dec. 22, 2016), *report and recommendation adopted sub nom. Bank of Am., N.A. By LaSalle v. Smith*, No. 1:16CV1156, 2017 WL 1426513 (S.D. Ohio April 21, 2017); *U.S. Bank, Nat. Ass'n v. Johnson*, No. 14-2132-STA-DKV, 2014 WL 3360236, at *1 (W.D. Tenn. July 9, 2014) (order adopting report and recommendation).

Therefore, in accordance with 28 U.S.C. § 1447(c), this action is **REMANDED**, for lack of subject matter jurisdiction, to the General Sessions Court for Davidson County, Tennessee

It is so **ORDERED**.

Entered this the 22nd day of January 2019.

_____
ALETA A. TRAUGER
United States District Judge